UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24 CR 514 RWS |
| ) | |
| CARLOS CONNER, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On September 12, 2024, two officers of the St. Louis Metropolitan Police Department were on patrol in their marked police car in the College Hill/Hyde Park neighborhood.  The officer in the passenger seat of the patrol car observed Defendant Carlos Conner sitting on the front porch stoop of a vacant residence pointing a firearm toward the opposite side of the street.  The officers parked the patrol car and approached Conner to conduct a pedestrian check.  As they approached Conner one of the officers observed the gun Conner was allegedly brandishing tucked into an opening under the steps in plain view.  The officers seized the gun, and upon running a records check, discovered it was stolen.  The officers arrested Conner for possession of a stolen firearm.  The officers searched the jacket Conner was wearing and a backpack that was with him.  Conner denied ownership of the jacket and the backpack.  A search of the jacket revealed 117 capsules of what was later determined to be fentanyl.  On October 2, 2024, Conner

was indicted for possession with the intent to distribute fentanyl and for possession of a firearm in furtherance of a drug trafficking crime.

On March 5, 2025, Conner filed a motion to suppress the evidence seized from him during the stop. Conner asserts that the officers violated his Fourth Amendment right to be free of unlawful search and seizures because they did not have reasonable suspicion that criminal activity was afoot when the officers approached Conner.

The parties fully briefed the issue and United States Magistrate Judge Shirley Padmore Mensah held an evidentiary hearing on April 7, 2025. The parties filed post-hearing briefs. On August 22, 2025, Judge Mensah issued her Report and Recommendation which found that the officers had a reasonable suspicion that Conner was engaged in criminal activity and legally arrested him after they discovered that the firearm he attempted to conceal was reported stolen. Conner objects to Judge Mensah's recommendation as to both her factual findings and conclusions of law.

I have performed a de novo review of Conner's motion, including reviewing the parties' initial briefs, the hearing transcript, the post-hearing briefs, and the objection and response briefs. I agree with the Judge Mensah's thoughtful and thorough report and recommendation that Conner's motion to suppress evidence should be denied.

Accordingly,

2

**IT IS HEREBY ORDERED that** I hereby adopt and incorporate Magistrate Judge Shirley Padmore Mensah's report and recommendation dated August 22, 2025 [52].

**IT IS FURTHER ORDERED that** Defendant Carlos Conner's motion to suppress [29] **DENIED** for the reasons stated in Judge Mensah's report and recommendation.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2025.